UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDI NICOLE PRISCO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-715** |
| **JOSEPH LOPINTO et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

This civil rights litigation arises out of the shooting and death of Daniel Vallee ("Vallee") during an interaction with Jefferson Parish Sheriff Office ("JPSO") Deputies on February 16, 2022 in Marrero, Jefferson Parish.[1] Plaintiff filed a complaint in this Court on March 18, 2022.[2] The District Attorney for the Parish of Jefferson ("District Attorney") filed a Bill of Information against JPSO Deputies Isaac Hughes ("Hughes") and Johnaton Louis ("Louis") on manslaughter charges for the death of Vallee on July 21, 2022.[3] On October 3, 2023, the State of Louisiana, through the District Attorney, filed a Motion to Intervene and Stay this civil case pending the outcome of the criminal trial against Hughes and Louis.[4] On November 9, 2023, the Court granted the State of Louisiana's motion and stayed the case.[5] In the Order and Reasons, the Court noted that "[i]f the criminal trial does not begin as scheduled on February 26, 2024, the parties may petition the Court

---

[1] Rec. Doc. 1.

[2] *Id.*

[3] Rec. Doc. 64-4.

[4] Rec. Doc. 64.

[5] Rec. Doc. 78.

1

to lift the stay."[6]

On February 21, 2024, the Court held a status conference with the parties.[7] The parties discussed proceeding with some discovery because the criminal trial did not begin as scheduled in February 2024.[8] Following the status conference, the Court issued an order lifting the stay in part for the limited purpose of allowing the parties to conduct discovery related to the *Monell* claim.[9] A Motion for Leave to File an Amended and Supplemental Petition for Damages[10] had been filed before the case was stayed, and it was automatically referred to the assigned Magistrate Judge under the Local Rules. The Magistrate Judge had not ruled on the motion before the case was stayed.[11] Therefore, the Court ordered Plaintiff to refile the motion and for Defendants to refile any opposition.[12]

Plaintiff refiled the Motion for Leave to File First Amended and Supplemental Petition for Damages on February 28, 2024.[13] Plaintiff also filed an unopposed Motion to Seal Manual Attachments (body camera footage of the incident) to the Motion for Leave to File.[14] The Magistrate Judge denied the unopposed Motion to Seal on March 1, 2024, because it did not

---

[6] *Id.* at 24.

[7] Rec. Doc. 81.

[8] *Id.*

[9] Rec. Doc. 82.

[10] Rec. Doc. 53.

[11] *See* Rec. Doc. 62 (vacating order inadvertently granting motion for leave to file as unopposed).

[12] Rec. Doc. 82.

[13] Rec. Doc. 83.

[14] Rec. Doc. 84.

comply with Local Rule 5.6.[15] The order instructed the parties that under Local Rule 5.6(D), "[i]f the motion to file under seal is denied, the movant may file another motion to remove the document(s) from the record within seven [7] days. If no such motion is timely filed, the document(s) must be filed as a public record."[16] Plaintiff did not file such a motion within 7 days. As a result, the video footage became public record.

In May 2024, the case against Hughes and Louis proceeded to trial in Jefferson Parish. During the state criminal trial the video footage, which had been kept under seal in state court, was apparently played for the jury, presumably prompting media outlets to request a copy of the footage from the Clerk's Office for the Eastern District of Louisiana. As the footage was public record in federal court, it was released by the Clerk's Office. The undersigned Chief Judge was out of town for the Fifth Circuit Conference and was not made aware of the request until after the footage was released. On May 9, 2024, after the footage was released, Plaintiff refiled the Motion to Seal.[17] The Magistrate Judge denied the renewed Motion to Seal on May 15, 2024.[18] On May 10, 2024, a jury in Jefferson Parish found Hughes guilty of negligent homicide and Louis was found not guilty.

Defendants never refiled an opposition to the Motion for Leave to File First Amended and Supplemental Petition for Damages.[19] On May 23, 2024, the Magistrate Judge issued an Order

---

[15] Rec. Doc. 87.

[16] *Id.*

[17] Rec. Doc. 88.

[18] Rec. Doc. 89.

[19] When the stay was partially lifted, the Court instructed Plaintiff to refile the Motion for Leave to File and Defendants to refile any opposition. *See* Rec. Doc. 82. Defendants did not comply with this Order. Lopinto's original opposition to the Motion for Leave to File was that the claims against the John Doe defendants are prescribed. Rec. Doc. 69. Defendants cite Fifth Circuit law holding that an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c). *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). Federal courts apply the state statutes of limitation and tolling provisions to § 1983 claims. *See Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993). Under Louisiana law, Plaintiff's claims are subject to a liberative prescription period of one year. *See Jacobsen*, 133 F.3d at 319 (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)). Pursuant to Louisiana

denying the motion and finding that Plaintiff did not establish good cause under Federal Rule of Civil Procedure 16(b) to modify the deadline for filing amended pleadings.[20]

On May 28, 2024, the Court held a status conference in this case.[21] Following the status conference, the Court ordered that the stay be lifted in its entirety.[22] Counsel stated that there is still discovery to be completed, including the deposition of several fact and expert witnesses. Therefore, the Court reset the trial date in this matter and all pretrial deadlines, including the deadline to file amendments to pleadings.[23]

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after the scheduling order's deadline to amend has expired.[24] Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."[25] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[26]

---

Civil Code article 2324(c), "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." Plaintiff alleges that the "DEFENDANT DEPUTIES and LOPINTO are liable jointly and in solido for the harms caused to Mr. Vallee." Rec. Doc. 83-4 at 12. Thus, Plaintiff's timely filing the Complaint against Lopinto, Louis, and Hughes interrupted prescription of Plaintiff's claims against the other deputies. Therefore, Plaintiff does not need to rely upon relation back under Rule 15(c) for the claims against the other deputies to be timely. Nevertheless, if the parties believe that additional briefing on this issue is necessary, the newly named deputies may raise the issue in a dispositive motion.

[20] Rec. Doc. 90.

[21] Rec. Doc. 91.

[22] Rec. Doc. 92.

[23] Rec. Doc. 93.

[24] *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

[25] Fed. R. Civ. P. 16(b)(4).

[26] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enterprises, L.L.C.*, 315 F.3d at 535; 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

However, the Court has reset all deadlines in this matter, including the deadline for amendments to pleadings. When a motion to amend is filed before the deadline set in a scheduling order, the more liberal standard of Rule 15(a) applies to the district court's decision to grant or deny leave.[27] Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave when justice so requires."[28] Rule 15(a) requires a trial court "to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'"[29] Under this more liberal standard, the Court finds that Plaintiff has demonstrated that she should be allowed to file the amended pleading.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's May 23, 2024 Order[30] denying Plaintiff's Motion for Leave to File First Amended and Supplemental Petition for Damages[31] is **VACATED**. Plaintiff's is granted leave to file the First Amended and Supplemental Petition for Damages[32] and the amended pleading shall be filed into the record.

---

[27] *S&W Enterprises, L.L.C.*, 315 F.3d at 536.

[28] Fed. R. Civ. Pro. R. 15(a).

[29] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

[30] Rec. Doc. 90.

[31] Rec. Doc. 83.

[32] Rec. Doc. 83-4.

**IT IS FURTHER ORDERED** that all pleadings shall be filed with the District Court and if the Court deems necessary, the Court will refer matters to the assigned Magistrate Judge on a filing-by-filing basis. The automatic referral to the assigned Magistrate Judge is hereby vacated.

**NEW ORLEANS, LOUISIANA,** this 29th day of May, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**